# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 98-4051

_____

Ernest P. Sharlow;                    *
Jodi M. Sharlow,                      *
                                      *
             Appellants,              *       Appeal from the United States
                                      *       District Court for the
      v.                              *       District of Minnesota.
                                      *
Wally   McCarthy   Pontiac-GMC        *            [UNPUBLISHED]
Trucks-Hyundai, Inc., a Minnesota     *
corporation,                          *
                                      *
             Appellee.                *

_____

Submitted: June 14, 1999
Filed: July 6, 2000

_____

Before HANSEN and MAGILL, Circuit Judges, and JONES,[1] District Judge.

_____

HANSEN, Circuit Judge.

_____

[1]The Honorable John B. Jones, United States District Judge for the District of South Dakota, sitting by designation.

Ernest P. Sharlow and Jodi M. Sharlow (the Sharlows) appeal the district court's[2] grant of summary judgment in favor of Wally McCarthy's Pontiac-GMC Trucks-Hyundai, Inc. (McCarthy) in this suit involving an alleged violation of the Minnesota Motor Vehicle Retail Installment Sales Act, Minn. Stat. § 168.66-77. We affirm.

I.

The Sharlows, citizens of Wisconsin, visited McCarthy in White Bear Lake, Minnesota, on or about January 3, 1995, and expressed an interest in trading in their current vehicle and purchasing a used GMC Sierra Truck. On January 7, 1995, the Sharlows and McCarthy executed a purchase agreement, a motor vehicle retail installment contract, and a financing addendum to both the purchase agreement and the retail installment contract. The financing addendum stated that it was "incorporated by reference to the vehicle purchase contract and the motor vehicle retail installment contract . . . In the event that the seller/dealer fails to arrange the subject financing and assign all of its interest . . . to a lending institution . . . the vehicle purchase contract and retail installment contract shall become null and void." (Appellants' App. at 100). Thereafter, McCarthy informed the Sharlows that it was unable to arrange financing with Firstar Bank according to the terms set out in the retail installment contract, in part due to the fact that Mr. Sharlow did not work at the place of employment identified in his credit application. McCarthy, however, was able to arrange financing through Metropolitan Federal. On January 17, 1995, the Sharlows and McCarthy executed a second purchase agreement and a second retail installment contract, which identified Metropolitan Federal as the assignee and contained less favorable terms for the Sharlows.

---

[2]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota.

2

After making several payments, the Sharlows defaulted, and McCarthy repossessed the truck on November 13, 1995. The Sharlows filed for bankruptcy in July 1996, in the Western District of Wisconsin, and their outstanding installment debt on the truck was discharged. On January 6, 1997, the Sharlows brought suit against McCarthy and Firstar Bank of Minnesota.[3] The Sharlows alleged a breach of contract claim as well as violations of various provisions of the Equal Credit Opportunity Act, 15 U.S.C § 1691, the Motor Vehicle Retail Installment Sales Act, Minn. Stat. § 168.66-77, the Uniform Deceptive Trade Practices Act, Minn. Stat. § 325D.43-48, and the Prevention of Consumer Fraud Act, Minn. Stat. § 325F.68-70. The district court adopted the magistrate judge's report and recommendation, granted McCarthy's motion for partial summary judgment, and dismissed with prejudice the federal claim based on the Equal Credit Opportunity Act. The court retained jurisdiction over the remaining state law claims on the basis of supplemental jurisdiction authorized by 28 U.S.C. § 1367. On the four Minnesota state law claims, the district court later adopted the magistrate judge's subsequent report and recommendation and granted summary judgment to McCarthy on all four Minnesota state law claims. The Sharlows appeal the grant of summary judgment only on the Minnesota Motor Vehicle Retail Installment Sales Act claim.

II.

We review the grant of summary judgment de novo. Coplin v. Fairfield Pub. Access Television Comm., 111 F.3d 1395, 1401 (8th Cir. 1997). In conducting our review, we evaluate the record in the light most favorable to the nonmoving party. Id. Summary judgment is appropriate only when there is "no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Id. (quoting Fed. R. Civ. P. 56(c)).

---

[2]The Sharlows settled with Firstar Bank, and their claims against Firstar Bank were dismissed with prejudice.

3

On appeal, the Sharlows assert that the financing addendum violated the Minnesota Motor Vehicle Retail Installment Sales Act (MMVRISA) because the MMVRISA requires that "[e]very retail installment contract . . . shall contain all the agreements of the parties," Minn. Stat. Ann. § 168.71(a)(1), and the financing addendum was not a part of the retail installment contract. Additionally, the Sharlows contend that the transaction was completed at the time that the first retail installment contract was signed, and therefore, McCarthy should be bound to its terms.

In a case with virtually identical facts, the Minnesota Supreme Court, sitting en banc, held that the MMVRISA is not violated by a conditional delivery agreement that is not included in the retail installment contract despite the language of the act. See Scott v. Forest Lake Chrysler-Plymouth-Dodge, No. C4-99-161, 2000 WL 768539, at *4-5 (Minn. June 15, 2000). "The plain purpose of the MMVRISA is to require disclosure to consumers of the cost of credit extended to them . . . The 'agreement of the parties' clause serves to prohibit dealers from relying on separate agreements containing additional or contradictory financing terms." Id. at *5 (quoting Sharlow v. Wally McCarthy Pontiac-GMC Trucks-Hyundai, Inc., No. 97-20 (D.Minn. Sept. 28, 1998)). The MMVRISA does not require "every agreement to a condition precedent to be contained in the" retail installment contract. Id.

Like the Sharlows' financing addendum, the conditional delivery agreement contained language that the retail installment contract would become null and void if financing was not approved. Id. at *2. The Minnesota Supreme Court concluded that the failure to attain financing prevented the first retail installment contract from becoming a contract and that it was not until financing was attained that Mr. Scott entered into a contract with the dealership. Id. at *5. Because the second retail installment contract fully disclosed the credit terms, it complied with the MMVRISA. Id. In accordance with the Minnesota Supreme Court, we conclude that the Sharlows' financing addendum did not violate the MMVRISA and that the second retail installment contract complied with the terms of the statute.

4

## III.

Accordingly, we affirm the judgment of the district court, and we deny all pending motions as moot.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT